1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ROSE,<br><br>                              Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, et al.<br><br>                            Defendants. | Case No.:  3:23-cv-1691 W (KSC)<br><br>**ORDER: (1) GRANTING DEFENDANT SELENE'S REQUEST FOR JUDICIAL NOTICE [DOC. 4]; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT SELENE'S MOTION TO DISMISS [DOC. 3]; AND (3) GRANTING DEFENDANT TRUSTEE CORPS MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DOC. 7]** |

      Pending before the Court are motions to dismiss filed by Defendants Selene Finance, LP and Trustee Corps. Defendant Selene also filed a request for judicial notice and Trustee Corps filed a joinder of Selene's motion. Plaintiff Henry Rose opposes the motions to dismiss, but not the joinder or request for judicial notice.

      The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For reasons discussed below, the Court **GRANTS** the request for judicial notice [Doc. 4], **GRANTS IN PART** and **DENIES IN PART** Selene's motion to dismiss [Doc. 3] **WITH LEAVE TO AMEND** as to certain claims, and **GRANTS** Trustee Corps' motion to dismiss [Doc. 7] **WITHOUT LEAVE TO AMEND**.

1

## I. INTRODUCTION.

This lawsuit arises out of foreclosure proceedings against property located at 13110 Sudan Rd., Poway, CA 92064 (the "Property") with an "APN number" of 323-262-38-00. (*Compl.* ¶ 11.[1]) The foreclosure appears to be the result of a default on a $175,000 loan secured by a Deed of Trust executed on September 11, 1998 by Lore Lee Cota (the "Cota Deed of Trust"). (*Id.*) Plaintiff Henry Rose alleges that Cota was an "acquaintance" that never owned the Property and instead title "has always been in the name of Plaintiff (ROSE)." (*Id.* ¶ 14.)

Rose also owns a second nearby property, located at the Southernmost end of Sudan Rd., with an address of 13020 Sudan Rd., Poway, CA 92064 (the "Second Property"). (*Compl.* ¶ 12.) The APN for the Second Property is 323-262-27-00. (*Id.*)

Rose alleges foreclosure on the Property is wrongful for four reasons. First, he alleges that Defendant Trustee Corps. recorded an erroneous Notice of Default ("NOD") on March 9, 2023 in San Diego County. According to Rose, the NOD "erroneously identifies the property in default on COTA's loan as APN 323-262-38-00 FKA 323262-27-00," which Rose contends is the APN belonging to the Second Property, not the Property subject to the Cota Deed of Trust. (*Compl.* ¶ 13.) Rose alleges that because the NOD references the incorrect APN, the Property's legal description is "faulty," and the NOD is void. (*Id.*)

Second, Rose alleges the foreclosure is wrongful because Cota "never" owned the Property and "she never had any legal interest or title to" the Property. (*Compl.* ¶ 14.) Instead, Rose contends title has always been in his name, and he did not consent to the Property being used as collateral for Cota's loan. (*Id.*) Rose also alleges that he did not sign the mortgage and loan papers along with Cota "in front of a loan officer for Cal Fed Lending, as required." (*Id.*)

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit 1.

Third, Rose alleges the foreclosure is wrongful because "the California Civil Code § 2923.55 declaration attached to the NOD is false, which renders the NOD void." (*Compl.* ¶ 15.) Although the declaration states that "Thirty (30) days, or more, have passed since these due diligence efforts were satisfied," Rose alleges "he has not been contacted at all by Defendants regarding this loan." (*Id.*)

Finally, Rose contends the foreclosure is wrongful because the NOD identifies an "incorrect delinquency amount of $140,328.46, as of March 8, 2023, that allegedly accrued from March 1, 2016 to March 8, 2023." (*Compl.* ¶ 16.) Rose contends this "is evidence that SELENE misapplied payments and failed to properly post payments while it serviced the loan." (*Id.*)

On August 1, 2023, Rose filed this lawsuit in the San Diego Superior Court. The Complaint asserts causes of action for (1) wrongful foreclosure, (2) statutory violations, (3) negligence, (4) accounting, and (5) violations of Business & Professions Code § 17200 (the "UCL" claim). (*See Compl.*)

On September 13, 2023, the case was removed to this Court based on federal question jurisdiction under 12 CFR §§ 1024.38 and 1026.41. (*Notice of Removal* ¶ 4.) Defendants now move to dismiss.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To do so, it must offer sufficient factual allegations that, if true, "raise the right to relief above the speculative level" and render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663

3

(2009) (citing *Twombly*, 550 U.S. at 556). If, however, the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (citation omitted).

In evaluating the motion, the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 842 F.3d 1156, 1159 (9th Cir. 2016). But this presumption of validity does not extend to legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the pleading analysis requires the court to eliminate all of plaintiff's conclusory allegations and evaluate the remaining claims for facial plausibility.

### III. DISCUSSION

#### A. Request for Judicial Notice

Selene requests judicial notice of the following documents: (1) Grant Deed recorded with the San Diego County Recorder's Office on September 22, 1998, as instrument no. 1998-0605246; (2) Deed of Trust recorded with the San Diego County Recorder's Office on September 22, 1998, as instrument no. 1998-0605247; (3) Chapter 7 Bankruptcy petition in case no. 10-09099-LA7, filed in the United States Bankruptcy Court, Southern District of California; (4) Complaint in case no. 12-90174-LA, filed in the United States Bankruptcy Court, Southern District of California; (5) Answer in case no. 12-90174-LA, filed in the United States Bankruptcy Court, Southern District of California; (6) Order on Stipulation To Settle Adversary Proceeding and Claim No. 4 in case no. 12-90174-LA, filed in the United States Bankruptcy Court, Southern District of California; and (7) Quitclaim Deed filed with the San Diego County Recorder's Office on May 9, 2014, instrument no. 2014-0190964.  (*Selene RJN* [Doc. 4.] ¶¶ 1–7.)

Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Under this rule, a court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Under Rule 201, judicial notice of documents filed in other court proceedings is appropriate. *See NuCal Food, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 984 (E.D. Cal. 2012) ("Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings."). Judicial notice of documents filed with a county recorder's office is also appropriate. *See Santana v. BSI Fin. Servs., Inc.*, 495 F.Supp.3d 926, 936 (S.D. Cal. 2020) (taking judicial notice of documents filed with the San Diego County Recorder's Office). Accordingly, the Court will grant Selene's request for judicial notice.

### B.  Wrongful Foreclosure Cause of Action

To state a claim for wrongful foreclosure, a plaintiff must allege facts establishing the following elements: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal.App.4th 1150, 1184–1185 (2016) (citation and internal quotation marks omitted).

As set forth above, Rose's wrongful foreclosure claim is based on four alleged irregularities with the foreclosure. First, he contends the NOD is void because it included

the incorrect APN. This theory lacks merit. California Civil Code § 2924(a)(1) lists the information required in the NOD and does not mention the property's APN. Instead, that provision states that the "notice of default shall include all of the following information:"

> (A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.
>
> (B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.
>
> (C) A statement setting forth the nature of each breach actually known to the beneficiary and of the beneficiary's election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.
>
> (D) If the default is curable pursuant to Section 2924c, the statement specified in paragraph (1) of subdivision (b) of Section 2924c.

*Id.* Rose does not allege the NOD fails to include any of this information, nor does his opposition cite any authority interpreting this section to require that the NOD include the property's APN. Moreover, there is no dispute that the NOD identifies the Cota Deed of Trust, which identifies the Property's correct address: "13110 Sudan Rd, Poway, CA 92064-5814." (*See Selene RJN* at Ex. 2.) Accordingly, this theory lacks merit.

      Second, Rose contends the foreclosure is wrongful because the Property "that COTA used for collateral in the Deed of Trust has never been owned by COTA," and instead the Property "has always been in the name of Plaintiff (ROSE), who did not provide consent to his residence being the collateral for COTA's loan." (*Compl.* ¶ 22.) These allegations are contradicted by the Grant Deed and Deed of Trust recorded with the San Diego County Recorder's Office on September 22, 1998. (*See Selene RJN* at Ex. 1, Ex. 2.) Additionally, Rose's allegation is contrary to the Bankruptcy Court's Order, which approved a stipulated judgment between Rose and the Chapter 7 Bankruptcy Trustee. Exhibit A to the Order is a Stipulation signed by Rose, in which he acknowledges:

> On or about May 24, 2007, the following quitclaim deeds were recorded in the Official Records of the San Diego County Recorder's Office:
>
> (a) Quitclaim Deed dated January 1, 2005, transferring legal title to the Poway Road Property from the Debtor to Rose; and
>
> (b) Quitclaim Deed dated January 1, 2005, transferring legal title to the Sudan Road Property from the Debtor to Rose.

(*Id.* at ¶ C.) Significantly, Rose's opposition does not dispute the contents of these judicially noticed documents, which establish that Cota—not Rose—held title to the Property when the Cota Deed of Trust was executed. Because Rose did not have title to the Property, his signature was not required on the "mortgage and loan papers" and this theory also lacks merit.

Third, Rose contends the foreclosure is wrongful because he was not contacted about the loan and thus the "California Civil Code § 2923.55 declaration attached to the NOD is false." (*Compl.* ¶ 15.) Selene argues it did not have a duty to contact Rose because he is not the borrower.  (*Selene P&A* [Doc. 3-1] 11:11–14.) In support of this argument, Selene cites section 2923.55(b), which identifies the information a mortgage servicer must provide to the "borrower." (*Id.* at 11:1–9.) Rose failed to address this argument.

Consistent with Selene's argument, section 2923.55(c) provides that the declaration may state "that no contact was required because the individual did not meet the definition of 'borrower' pursuant to subdivision (c) of Section 2920.5." Section 2920.5(c) then defines "borrower" as, in relevant part, "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Because Rose is not a "borrower" (*Compl.* ¶ 11), this count also lacks merit.

Finally, Rose contends the foreclosure is wrongful because the NOD incorrectly states the "delinquency amount of $140,328.46, as of March 8, 2023, that allegedly accrued from March 1, 2016." (*Compl.* ¶ 28.) Selene appears to argue that this theory

fails to allege a procedural irregularity with the foreclosure because the allegation is conclusory and speculative. (*Selene P&A* at 12:1–6.) The Court agrees. Rose's allegation that the delinquency amount of $140,328.46 is incorrect is conclusory because there are no other facts alleged in the Complaint that indicate why that amount is incorrect.[2] Thus, this count is dismissed with leave to amend.

### C. Statutory Violations Cause of Action

Rose's second cause of action alleges statutory violations based on 12 C.F.R. §§ 1024.38(b), 1026.41 (the "TILA claims") and California Civil Code § 1788.1 (the "Rosenthal Act claims"). Defendants move to dismiss. The Court will evaluate the alleged federal and state statutory violations separately.

#### 1. TILA Violations

Rose alleges Defendants violated 12 C.F.R. § 1026.41, which requires a "servicer of a transaction" to provide "the consumer, for each billing cycle, a periodic statement meeting the requirement of … this section." *Id.* § 1026.41(a)(2). Rose also alleges Defendants violated 12 C.F.R. 1024.38, which requires a servicer to "maintain policies and procedures that are reasonably designed to achieve the objectives set forth in paragraph (b) of this section." Selene argues Rose lacks standing because section 1024.38(b) refers to "borrowers" and section 1026.41 refers to "a consumer who has a loan with Selene" and Rose is neither. (*Selene P&A* 12:22–13:17.) Despite Rose's failure to effectively respond to Selene's argument, the Court is not persuaded by Selene's argument at this point in the litigation.

---

[2] In the opposition, Rose contends that he made $87,000 in payments, "which, when added to his monthly payments through 2014, renders the NOD amount for arrears of $140,328.46 false." (*Opp'n* at 6:21–24.) Because the allegation may explain Rose's contention that the delinquency amount in the NOD was incorrect, the Court will grant leave to amend the claim.

8

Selene's standing argument is overly simplistic because it fails to address other provisions of the statute that appear to imply that a loan servicer's obligations extend beyond the original borrower. For example, 12 C.F.R. § 1026.41 provides:

> Successor in interest. If, upon confirmation, a servicer provides a confirmed successor in interest who is not liable on the mortgage loan obligation with a written notice and acknowledgement form in accordance with Regulation X, § 1024.32(c)(1) of this chapter, the servicer is not required to provide to the confirmed successor in interest any written disclosure required by this section unless and until the confirmed successor in interest either assumes the mortgage loan obligation under State law or has provided the servicer an executed acknowledgment in accordance with Regulation X, § 1024.32(c)(1)(iv) of this chapter, that the confirmed successor in interest has not revoked.

This section clearly obligates a loan servicer to provide statements to someone who was not the original borrower. Thus, at this point in the litigation, Selene's argument that Rose lacks standing because he was not the original borrower is not persuasive.[3]

### 2. *Rosenthal Act Violations*

Selene argues that Rose fails to state a Rosenthal Act Violation because he does not allege an "unfair" or "deceptive" debt collection practice or act. The Court agrees.

The Complaint alleges Defendants violated the Rosenthal Act by:

> 1) surprising Plaintiff with a NOD in March, 2023 for a loan he did not consent to and which was the product of negligent lending; 2) making false representations in the NOD of delinquency of the loan; and [sic] 3) demanding sums due that were neither justified nor authenticated with accounting and billing records, including the creation of the loan; 4) threatening foreclosure without investigating all the facts as to loan

---

[3] Similarly, 12 CFR § 1026.2(a)(11) provides that "for purposes of recission under §§ 1026.15 and 1026.23, the term ['consumer'] also includes a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person's ownership interest in the dwelling is or will be subject to the security interest." The Court recognizes that recission is not at issue in this case. The point, however, is that the issue of standing turns on more than simply pointing out that Rose was not the original borrower of the loan.

>origination and Plaintiff's claim that he had no notice of ever having this loan; and [5]) misrepresenting the true status of the loan account.

(*Compl.* ¶ 34.) As an initial matter, the Court finds Rose has failed to allege an unfair or deceptive debt collection practice because all the above allegations are conclusory. However, with respect to the conduct listed in 1–4, those Rosenthal Act claims appear to depend on Rose's allegation that he owned the Property when the Cota Deed of Trust was executed and that he did not consent to the loan. Because the judicially noticeable facts contradict that allegation, any such claims are dismissed without leave to amend.

With respect to Rose's claim that Selene misrepresented the status of the loan, at this stage the Court cannot conclude as a matter of law that leave to amend would be futile. Accordingly, that theory is dismissed with leave to amend.

### D. Negligence and UCL Causes of Action

Selene argues that Rose fails to state a negligence claim because (1) he lacks standing to assert violations of 12 CFR §§ 1024.38(b) and 1026.41, and (2) he failed to allege a Rosenthal Act violation. (*Selene P&A* at 14:22–28.) Similarly, Selene argues Rose fails to state a UCL claim because his other causes of action fail. (*Id.* at 17:6–17.) Because Selene has failed to satisfy its burden of establishing that Rose lacks statutory standing under TILA, the Court will deny its motion to dismiss the negligence and UCL causes of action.

### E. Accounting Cause of Action

Selene argues the Complaint fails to state a cause of action for an accounting because there is no fiduciary relationship between it and Rose. (*P&A* at 15:19–16:14.) This argument lacks merit. In *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 179 (2009), the court explained:

>[A] fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting. (*Kritzer v. Lancaster* (1950) 96 Cal.App.2d 1, 7,

> 214 P.2d 407.) The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender. (1A Corpus Juris Secundum (2005) Accounting, § 6, p. 7.)

*Id.*

In its reply, Selene contends that Rose also fails to allege "the basis or necessity for an accounting" because the Complaint does not allege Rose made payments to Selene or that Selene failed to apply payments on the loan. (*Reply* [Doc. 10] at 4:28–5:4.) Generally, the Court would not consider this argument because it was not raised until Selene's reply. However, because leave to amend will be granted, judicial economy warrants evaluating the issue so it may be addressed in any amended complaint.

As Selene points out, the Complaint does not allege that Rose made payments to Selene or that Selene failed to apply payments to the loan. As such, the Complaint fails to state facts supporting an inference that a relationship exists that requires an accounting. Thus, the accounting cause of action is dismissed with leave to amend.

### F.     Trustee Corp.

Trustee Corp. argues that Rose cannot state a claim because its conduct as the foreclosure trustee is privileged under California Civil Code § 47(b)(3). Rose did not respond to Trustee Corp.'s motion, conceding this argument. Accordingly, the Court will dismiss Trustee Corp. without leave to amend.

### G.     Leave to Amend

Rose requests leave to amend. "If a court determines that a complaint should be dismissed, it should give leave to amend unless 'the pleading could not possibly be cured by the allegation of other facts.'" *Bailey v. Rite Aid Corp.*, 2019 WL 4260394, *3 (N.D. Cal. Sept. 9, 2019) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,

911 F.2d 242, 247 (9th Cir. 1990).)  Because at this stage the Court cannot conclude that leave to amend would be futile, leave to amend will be granted consistent with this order.

IV. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** Trustee Corp.'s motion to dismiss [Doc. 7] **WITHOUT LEAVE TO AMEND**, **GRANTS** Selene's request for judicial notice [Doc. 4] and **GRANTS IN PART** and **DENIES IN PART** Selene's motion to dismiss [Doc. 3] as follows:

- The wrongful foreclosure cause of action is dismissed without leave to amend as to counts 1, 2 and 3, and with leave to amend as to count 4.
- The statutory violations cause of action is dismissed with respect to the Rosenthal Act claims, as set forth above.
- The accounting cause of action is dismissed with leave to amend.

The motion is denied as to the negligence and UCL claims. The first amended complaint is due on or before **May 6, 2024**.

IT IS SO ORDERED.

Dated:  April 22, 2024

Hon. Thomas J. Whelan
United States District Judge